IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY JOHNSON,** : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **JAMES B. ZWOLAK, et al.,** : | |
| Defendants : | NO. 08-4854 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                                      APRIL 7, 2009

Chad Neumann, who purchased Plaintiff Gregory Johnson's real property at a tax sale, moves to dismiss Mr. Johnson's claims against him on grounds that the claims are either untimely or not cognizable. In addition to Mr. Neumann, Mr. Johnson brings this case against the City of Philadelphia ("the City") and Mr. James B. Zwolak, an attorney in the City of Philadelphia's Law Department, seeking a variety of types of relief after losing his home to a tax sale. After oral argument on the motion on March 30, 2009, the Court now grants Mr. Neumann's Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint. Mr. Johnson was the owner of the premises at 4945-4951 Wakefield Street, Philadelphia, PA. On December 1, 2006, the City filed suit against Mr. Johnson for taxes owed on the property. At the same time, Mr. Johnson had a petition for review of the City's tax assessment pending before the City Tax Review Board's Office of Administrative Review ("OAR").

According to Mr. Johnson, he received no notice of the hearing on the civil action for taxes owed, and therefore did not attend. Thus, on January 31, 2007, the court entered a decree

allowing the City to sell Mr. Johnson's property at a Sheriff's sale scheduled for February 21, 2007. Mr. Johnson received notice regarding the sale on February 3, 2007.

On February 16, 2007, Mr. Johnson contacted Mr. Zwolak, an attorney in the City's Law Department, about the notice of Sheriff's sale. Mr. Johnson claims that Mr. Zwolak told him that if he (Mr. Johnson) began making installment payments on the outstanding taxes, the property would be removed from the list of properties scheduled for Sheriff's sale.

Mr. Johnson claims to have begun making payments on that day; he lists as such payments a check dated February 16, 2007 in the amount of $5,000, a check dated March 20, 2007 in the amount of $8,000, a money order dated March 20, 2007 in the amount of $2,700, and a check dated April 17, 2007 in the amount of $7,000.

On June 7, 2007, the OAR held a hearing on Mr. Johnson's tax assessment, at which the penalties and interest assessed on the taxes owed were partially abated. (Mr. Johnson claims that he did not receive notice of this decision until June 27, 2009.) Notwithstanding Mr. Johnson's installment payments and the resolution of his dispute before the OAR, Mr. Johnson's property was listed on June 12, 2007 for Sheriff's sale to be held on June 20, 2007. At that sale Defendant Chad Neumann entered a successful bid for $2,100. Mr. Johnson claims that the fair market value of the property exceeds $400,000. Mr. Johnson alleges that on June 22, 2007 he received notice that his property had been sold.[1]

Mr. Johnson claims that he was residing at his property at all times relevant and was

---

[1] The accuracy of this date is less than clear. Mr. Johnson cites Exhibit E to his Complaint as evidence of the notice he received. However, that notice (that a deed had been recorded for 4945 Wakefield St. on September 14, 2007) is dated September 27, 2007. In his opposition to Defendant Neumann's Motion to Dismiss, Mr. Johnson claims that the City failed to notify him of the sale until September 22, 2007.

renovating it when the City sold the property at a Sheriff's sale.  Mr. Johnson alleges that Mr. Neumann knew that Mr. Johnson was living at the property and renovating it, that Mr. Neumann knew or should have known that Mr. Johnson was contesting the tax assessment, and that Mr. Neumann knew or should have known that the "true fair market value" of his property was $400,000.  Mr. Johnson also claims that Mr. Neumann is threatening to evict him from the property.  He asks the Court to 1) enjoin Mr. Neumann from evicting him; 2) enter judgment in the amount of $400,000 against Mr. Neumann and/or rescind the Deed conveying the property to Mr. Neumann; 3) restore his right to redemption; 4) vacate the January 31, 2007 state court order allowing the Sheriff's sale; and 5) order Defendants to re-convey the property to him.

This suit was originally filed on September 18, 2008 in Pennsylvania state court.  Defendants Mr. Zwolak and the City removed the case to this Court, based on Mr. Johnson's federal due process claim against them.  No objections to the removal were filed at that time, although Mr. Johnson filed a motion to remand on April 3, 2009.  That motion is still pending before the Court.

On November 13, 2008, Mr. Neumann filed a motion to dismiss.  As of January 9, 2009, Mr. Johnson had failed to respond.  The Court ordered Mr. Johnson to file a response by January 20, 2009 or risk that the motion would be addressed as unopposed.  On January 16, 2009, Mr. Johnson responded by filing an opposition to Mr. Neumann's motion.  On January 26, 2009, Mr. Neumann filed a reply.  The Court held an oral argument on March 30, 2009.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Rule 8 of the Federal Rules of Civil Procedure requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47).  While a complaint need not contain detailed factual allegations, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

In making such a determination, courts "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

To evaluate a motion to dismiss, the Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the

Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Essentially, Mr. Neumann argues that Mr. Johnson is too late to redeem his property or otherwise attack the Sheriff's sale or deed and that he has no other viable claim against Mr. Neumann.² Mr. Neumann cites 53 P.S. § 7293, which provides:

> The owner of any property sold under a tax or municipal claim. . .may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment [of a number of fees, including outstanding taxes and the amount bid at sale].

53 P.S. § 7293(a).³ Mr. Neumann argues that although Mr. Johnson filed a timely petition to redeem on May 12, 2008, Mr. Johnson later withdrew that petition, and that this action, filed on September 18, 2008, is untimely. Mr. Johnson does not provide the date of the acknowledgment of the deed in his complaint; however, the Court may take judicial notice of the deed, a public

---

² As background, Mr. Neumann claims that on May 12, 2008, Mr. Johnson filed a petition to redeem his property. Thereafter, Mr. Neumann filed an answer and new matter contesting Mr. Johnson's right to redeem, arguing that the property was a commercial/industrial property not subject to redemption under Pennsylvania law and that the premises were vacant on the dates of the sale and the acknowledgment of the deed. Mr. Johnson then withdrew the petition on June 5, 2008. Mr. Neumann attaches to his motion the complaint, answer and withdrawal. Whether the Court can consider this evidence in deciding the instant motion to dismiss (none of this was mentioned in Mr. Johnson's complaint) is irrelevant, despite Mr. Johnson's insistence that Mr. Neumann's entire motion is based on these extraneous factual allegations. None of Mr. Neumann's grounds for dismissal depend on the existence of these facts.

³ Mr. Neumann also notes that property within the city of Philadelphia must have been occupied as a residence for at least 90 days prior to the sale, as well as on the date of the acknowledgment of the Sheriff's deed. See 53 P.S. § 7293(c). He claims that this was not the case for Mr. Johnson; however, Mr. Johnson alleged in his complaint that he lived at the property at all relevant times, and the Court must for now accept Mr. Johnson's allegation as true.

record, which is attached to Mr. Neumann's Motion to Dismiss as part of Exhibit A. See Carroll v. Welch, Civil Action No. 06-4502, 2007 WL 1377654, at *1 (E.D. Pa. May 9, 2007) (considering deed when deciding motion to dismiss because a deed is a public record). According to the deed, it was acknowledged on August 13, 2007. Thus, the instant complaint, filed over a year later, is untimely under 53 P.S. § 7293(a).

Mr. Neumann also argues that Mr. Johnson is too late in attempting to contest the validity of the tax sale. He cites 53 P.S. § 7193.3, which states:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 of this act [governing municipal claims and tax liens], including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

53 P.S. § 7193.3. Mr. Neumann argues that Mr. Johnson was aware of the tax sale 2 days after it happened (June 22, 2007, see Complaint at ¶ 19) and thus had ample time to file a petition to overturn the sale. Because the deed was acknowledged on August 13, 2007, this action, filed over a year later on September 18, 2008, is not timely under 53 P.S. § 7193.3.

Mr. Neumann also cites 53 P.S. § 7283(e), which states:

> Upon the delivery by the sheriff of a deed for any property sold under the provisions of this section, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive, and the validity thereof shall not be questioned for any cause whatsoever.

53 P.S. § 7283(e). As Mr. Neumann notes, this statute is even more restrictive than 53 P.S. §

7193.3. He argues that whichever applies,[4] Mr. Johnson's claim against him is time-barred.

Mr. Johnson counters that Mr. Neumann's Motion to Dismiss rests on unsubstantiated facts not appearing in the Complaint. It is not clear to which of Mr. Neumann's facts Mr. Johnson refers; if he refers to the facts surrounding his previously-filed petition to redeem (including Mr. Neumann's assertion that the reason Mr. Johnson withdrew his petition to redeem was that he knew that the property was not a residential one and that therefore he had no right to redeem), those facts are not dispositive of the issues here. Whatever happened with regard to Mr. Johnson's previously-filed petition, this Court is concerned only with the matter that is before it now. At any rate, Mr. Johnson does not dispute the statute of limitations issues addressed above.

Mr. Johnson also claims that he is entitled to be excused from or otherwise relieved from the effects of his prior counsel's "mistakes" in filing a petition to redeem rather than a petition to set aside the Sheriff's sale. It is unclear if he makes this argument as a reason he should be excused from the statute of limitations or if he believes that this is an independent ground for relief. He claims that he should "receive restitution based upon the doctrine of mistake of law." He cites First Nat'l Bank of Sunbury v. Rockefeller, 5 A.2d 205, 206 (Pa. 1939), for the proposition that "ignorance or mistake of law with full knowledge of the facts is not grounds for equitable relief," and then claims that the record shows that he did not have full knowledge of all the facts. Mr. Johnson points to a number of "facts" that he was not aware of due to the City's negligence (or malice). He says that no one advised him of the fact that his petition before the

---

[4] It appears that 53 P.S. § 7193.3 involves challenges to the sale itself, while 53 P.S. § 7283(e) applies to the judgment upon which the sale was based. Under either provision, the claim is not timely.

OAR would not prevent the City from filing suit against him, of the date of the hearing in the City's suit against him, of the City's intention to proceed with the Sheriff's sale after he started making installment payments, of his right to petition to set aside the sale, or of the OAR's decision to abate the penalties and interest (at least until after the sale). He then claims, somewhat disjointedly, that the Pennsylvania Supreme Court adheres to the "fundamental principle that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law." See Rockefeller, 5 A.2d at 207.

In this case, however, these alleged "mistakes" necessarily would flow from simple ignorance of the law, which is no excuse. That his previous attorney may have made a "mistake" in filing a petition for redemption rather than a petition to set aside the sale is a matter for a potential suit against counsel, not for a suit against a third party purchaser. Moreover, at no point in his response here does Mr. Johnson claim that Mr. Neumann had, but failed to uphold, a duty to inform him of anything. In short, Mr. Johnson has presented no valid reason why he should be excused from the statutes of limitations precluding the relief he seeks against Mr. Neumann. Thus, the relief Mr. Johnson seeks against Mr. Neumann, inasmuch as it relates to redeeming his property, rescinding the deed, overturning the court order allowing a judicial sale, or returning his property, is time-barred.

Mr. Johnson also argues that his claim against Mr. Neumann is for unjust enrichment and that he is at least entitled to damages under that doctrine. He argues that Mr. Neumann was not merely an innocent purchaser, but rather knew the circumstances surrounding the sale and took unfair advantage of the situation. Mr. Johnson argues that he is not suing under the statutes cited by Mr. Neumann, but rather seeks equitable relief, for which he claims there is no statute of

limitations.  He cites no law to support this assertion or claim.

Mr. Neumann argues that the doctrine of unjust enrichment is not applicable.  As Mr. Neumann points out (and as Mr. Johnson fails to address), the elements required for an unjust enrichment claim are (1) that benefits have been conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. 1993).  Mr. Neumann argues that no benefit was conferred by Mr. Johnson on Mr. Neumann, even if Mr. Neumann did pay less than fair market value for the property (which Mr. Neumann denies).

Indeed, Mr. Johnson has not alleged that he conferred a benefit on Mr. Neumann.  As the Complaint itself recounts, Mr. Johnson failed to pay his taxes and exposed his property to a tax sale in the first instance.  Regardless of whether Mr. Neumann knew he was enjoying an extraordinary deal, that Mr. Johnson contested the tax assessment, or that Mr. Johnson was residing at the property, Mr. Neumann did not play any role in creating Mr. Johnson's loss.  Thus, Mr. Johnson has put forth no reason why it would be inequitable for Mr. Neumann to retain the property under such circumstances.  Indeed, there is nothing to distinguish Mr. Neumann's situation from that of any other tax sale purchaser.  To allow a claim of unjust enrichment against Mr. Neumann could establish an unwarranted precedent that could open floodgates of litigation, such that every person losing property at a tax sale for less than alleged market value (which likely could implicate virtually every tax sale) could pursue such a claim

against an innocent third party purchaser. The Court declines to do so.[5]

Finally, Mr. Johnson argues that even if he can not succeed against Mr. Neumann, he still takes issue with the City's listing of the property after he entered into an installment agreement. This argument has no bearing on whether Mr. Johnson's claims against Mr. Neumann are viable, however, and the Court does not address the propriety of the actions or inactions of parties not involved in the instant motion at this time.

#### CONCLUSION

For the foregoing reasons, Mr. Neumann's Motion to Dismiss is granted. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that gross inadequacy of sale price may in some circumstances be enough to overturn a tax sale. See, e.g., Home Owners' Loan Corp. v. Edwards, 198 A. 123 (Pa. 1938) (gross inadequacy of sale price could be grounds to set aside a sheriff's sale). However, that is true only when the petition to set aside the sale is timely. See Peoples-Pittsburgh Trust Co. v. Blickle, 199 A. 213, 214 (Pa. 1938) ("In this commonwealth, the principle is established that gross inadequacy of price, on timely application by the mortgagor, furnishes sound basis for setting aside a sheriff's sale."); Edwards, 198 A. at 124 ("After delivery of the deed a petition to set aside a sheriff's sale cannot be considered.") Because Mr. Johnson's Complaint against Mr. Neumann is untimely, the Court need not consider any arguments regarding whether the tax sale here should be set aside due to the alleged gross inadequacy of sale price.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY JOHNSON,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES B. ZWOLAK, et al.,** | : | |
| **Defendants** | : | **NO. 08-4854** |

**O R D E R**

**AND NOW**, this 7th day of April, 2009, upon consideration of Defendant Chad Neumann's Motion to Dismiss (Docket No. 5), Plaintiff Gregory Johnson's Response thereto (Docket No. 8), and Chad Neumann's Reply (Docket No. 9), and following oral argument, **IT IS HEREBY ORDERED** that Defendant's Motion (Docket No. 5) is **GRANTED**. Count III of Mr. Johnson's Complaint against Mr. Chad Neumann is **DISMISSED**. The Clerk of Court shall **TERMINATE** Defendant Chad Neumann as defendant in this case.

                                                            BY THE COURT:

                                                            S/Gene E.K. Pratter
                                                            GENE E.K. PRATTER
                                                            United States District Judge